IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MICHAEL HINDS, | § § § § § | |
| Plaintiff, | § | |
| v. | § § | CIVIL ACTION NO. G-05-133 |
| SPECTRUM EQUITY INVESTORS IV, LP, et al., | § § § § | |
| Defendants. | § § § | |

**ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE**

This case arises out of an alleged contract for consulting services between Plaintiff and Defendants. Now before the Court comes Defendants' Motion to Transfer Venue to the Houston Division of the Southern District of Texas. For the reasons stated below, Defendants' Motion is respectfully **DENIED**.

I.  Legal Standard

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed."). In determining whether a venue transfer is warranted, the Court

considers the availability and convenience of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference. *See, e.g.*, *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395-96 (S.D. Tex. 1992). The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet*, 868 F.2d at 1436.

II.     Analysis

*A.  Availability and Convenience of Witnesses*

"The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404 analysis. *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3851, at 415 (1986)). To support a Motion to Transfer on this ground, the movant must identify key witnesses and provide a brief outline of their likely testimony. *See id.* (citing *Dupre*, 810 F. Supp. at 825). "The convenience of one key witness may outweigh the convenience of numerous less important witnesses." *Id.* Defendants have stated that 12 witnesses reside in Houston and the rest outside Texas. Plaintiff counters that he now resides in Pearland, in Brazoria County, which is within this Division.[1] He also contends that one of the 12 Houston witnesses is in Defendants' employ, several are cumulative, and two are retained experts; as such, their convenience should not

---

[1] The Court accepts Plaintiff's representation that he resides in Pearland, based on his offer of documents such as phone bills and a change-of-address form for his Texas driver's license. Defendants' offer of information regarding Plaintiff's marriage and purchase of property in Alabama does not disprove Plaintiff's representation. Many people marry and purchase property in states other than those in which they are domiciled.

weigh as heavily in the Court's analysis. *See Lajaunie v. L & M Bo-Truc Rental, Inc.*, 261 F. Supp. 2d 751, 754 (S.D. Tex. 2003) (defendants can compel the attendance of their employees at trial); *Speed v. Omega Protein, Inc.*, 246 F. Supp. 2d 668, 674 (S.D. Tex. 2003) (according less weight to convenience of cumulative witnesses). This Court has considered on numerous occasions the relative convenience to witnesses of the Houston and Galveston Divisions. As the Court has stated before, witnesses traveling from out of state "will be equally inconvenienced by traveling to the Houston Division Courthouse as to the Galveston Division Courthouse." *Blansett v. Continental Airlines, Inc.*, 203 F. Supp. 2d 736, 741 (S.D. Tex. 2002); *see also Chretien v. Home Depot U.S.A., Inc.*, 169 F. Supp. 2d 670, 673-674 (S.D. Tex. 2001); *Smith v. Colonial Penn Ins. Co.*, 943 F. Supp. 782, 784 (S.D. Tex. 1996). Additionally, this Court regularly allows the use of deposition testimony to decrease costs to the Parties. *See Chretien,* 169 F. Supp. 2d at 674; *Hurlston v. Bouchard Transp. Co.*, 970 F. Supp. 581, 583 (S.D. Tex. 1997). Defendants state that some of the Houston witnesses work directly across from the Houston Courthouse. These are the witnesses Plaintiff claims are cumulative; therefore, the inconvenience may not be as great as Defendants suggest. As to the other Houston witnesses, Galveston may be no less convenient than Houston depending on their exact location. *See Blansett*, 203 F. Supp. 2d at 740. Defendants have not shown that the availability and convenience of the witnesses who are actually likely to testify live would be significantly increased by a transfer to the Houston Division.

B. *Location of Books and Records*

Defendants state that all records are located in Houston, Montgomery County, or outside Texas. Defendants have not presented any evidence that it will be more difficult to bring these records to the Courthouse in Galveston than to the one in Houston. Absent a showing that the records necessary for trial that are located in Houston are so voluminous as to require special

transport to Galveston, the Court finds no greater inconvenience in bringing them to Galveston than to Houston. *See LeBouef*, 20 F.Supp.2d at 1060 ("The Court finds little inconvenience inherent in bringing, if necessary, those records to Galveston [from Louisiana].").

*C. Potential for Delay*

The Fifth Circuit has held that unless a possible delay is both unusual and supported by specific evidence of its likelihood, such a delay should not justify the denial of an otherwise viable Motion to Transfer. *See, e.g. In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003) ([I]n rare or special circumstances a factor of 'delay' or of 'prejudice' might be relevant in deciding the propriety of transfer, but only if such circumstances are established by clear and convincing evidence."). Although some delay is likely with any transfer, this case is still in the early stages of the trial process, and Plaintiff has not presented any evidence that the case would experience unusual delay if transferred to Houston. Nonetheless, the Court is aware of the heavy docket obligations of its Houston colleagues caused in large part by their huge criminal dockets. Retaining a case with a genuine connection to this Division is one way in which this Court can help its Houston colleagues.[2] This factor weighs neither for nor against transfer.

*D. Plaintiff's Choice of Forum*

Defendants contend that Plaintiff's choice of this forum is not entitled to the usual deference because Plaintiff lives in the Houston Division. *See, e.g.*, *Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1109 (S.D. Tex. 1997). However, Plaintiff claims that he has lived in Pearland in Brazoria County, one of the counties encompassed by this Division, since January 1, 2005.

---

[2]Even if Plaintiff resided in a condominium directly across from the Houston courthouse, the docket obligations of the Court's Houston colleagues would provide sufficient justification for retaining the case absent other, more convincing facts. A substantial portion of this Court's docket consists of Houston-based cases.

Therefore, Plaintiff's choice of forum is entitled to great deference. *See Says v. M/V DAVID C. DEVALL*, 161 F. Supp. 2d 752, 754 (S.D. Tex. 2001). This factor weighs heavily against transfer.

*E. Place of the Alleged Wrong*

The place of the alleged wrong is a very important factor in the transfer analysis. *See Chretien*, 169 F. Supp. 2d at 675. It encompasses two venue concerns. First, holding trial near the place of the wrong can facilitate inexpensive investigation. *See, e.g., Bolt v. Toyota Indus. Corp.*, 351 F. Supp. 2d 597, 600-602 (E.D. Tex. 2004) ("Products liability claims invariably . . . require proof that will most likely be located at the place of injury."); *Virginia Elec. & Power Co. v. Sun Shipbuilding & Dry Dock Co.*, 389 F. Supp. 568, 570 (E.D. Va. 1975). Second, the citizens of the District in which the wrong occurred typically have a greater interest in the resolution of the case. *See, e.g., In re Volkswagen AG*, 371 F. 3d 201, 206 (5th Cir. 2004); *Boutte v. Cenac Towing, Inc.*, 346 F. Supp. 2d 922, 933 (S.D. Tex. 2004).

Plaintiff alleges a breach of contract, specifically that he performed his part of the contract in Texas and Defendants failed to compensate him as agreed. This alleged breach is not location-specific. There is no site to be investigated. To the extent that this factor reflects an attempt to hold trial near the place of the wrong to aid in inexpensive investigation of the incident, it has little relevance to this type of case. *See Brown v. Petroleum Helicopters, Inc.*, 347 F. Supp. 2d 370, 374 (S.D. Tex. 2004) (noting the irrelevance of this factor to breach of contract cases); *see also Plum Tree, Inc. v. Stockment,* 488 F.2d 754, 757 n.3 (3rd Cir. 1973).

To the extent that this factor reflects an attempt to locate litigation in a place in which the citizens have an interest in the outcome, the citizens of this Division have a strong interest in protecting the contractual rights of other citizens of this Division, such as Plaintiff. This factor weighs slightly against transfer.

III.     Conclusion

In addition to argument on the recognized factors in the § 1404 analysis, Defendants have added, "The only known link between this case and the Galveston Division is the fact that counsel for Plaintiff, Mr. Kurt Arnold, is a former law clerk of this Court–that fact is certainly not a recognized ground for the Court to deny transfer." (Defs' Mot. at 14.) Defendants' suggestion that the Court might favor parties represented by a former law clerk is professionally inappropriate and offensive to the personal character of the Court. The Court does not allow its law clerks to appear before it for a full year following their clerkship; following that, they may appear before the Court just as any other properly-qualified lawyer. There is no justification for any allegation that any former law clerk has sought or received any favor from this Court. Furthermore, Plaintiff's motivation in choosing this forum is not a proper factor for the Court's consideration. *See Z-Tel Communications, Inc. v. SBC Communications, Inc.*, 331 F. Supp. 2d 567, 572 (E.D. Tex. 2004).

Defendants have not borne their burden of showing that a transfer to the Houston Division would increase the convenience of all Parties. Contrary to much of Defendants' argument in their Reply to Plaintiff's Response to this Motion, the burden is not on the Plaintiff to prove that Galveston is more convenient. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989). Therefore, Defendants' Motion to Transfer Venue is hereby respectfully **DENIED**. Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 17th day of June, 2005, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge