IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | § | |
|---|---|---|
| MICHAEL HINDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-05-133 |
| | § | |
| SPECTRUM EQUITY INVESTORS IV, LP, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FRAUD AND NEGLIGENT MISREPRESENTATION CLAIMS

This case arises out of an alleged breach of contract for consulting services between Plaintiff and Defendants. Now before the Court comes Defendants' Motion to Dismiss Plaintiff's Fraud and Negligent Misrepresentation Claims for Failure to Plead Fraud with Particularity. For the reasons stated below, Defendants' Motion is respectfully **DENIED**.

**I. Background**

The Court recited the general facts of this case in its Order Denying Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Motion to Strike Plaintiff's Affidavit, and the Court will not repeat them here. Plaintiff has made claims of fraud and negligent misrepresentation. Defendants argue that the allegations in Plaintiff's Complaint do not meet the heightened pleading standard of Fed. R. Civ. P. 9(b), and they seek dismissal of those claims.

**II. Legal Standard**

1

Fed. R. Civ. P. 9(b) requires that plaintiffs state "the circumstances constituting fraud or mistake . . . with particularity." If a plaintiff does not do so, the defendant may move for dismissal for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6); *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 520 (5th Cir. 1993). The Court must follow the general rules for a 12(b)(6) motion: the Court must accept the facts alleged in the complaint as true and view all contested issues of fact in the light most favorable to the plaintiff. *See Abrams v. Baker Hughes, Inc.*, 292 F.3d 424, 430 (5th Cir. 2002).

Whether plaintiffs must plead a negligent misrepresentation claim with particularity is a matter of dispute. *See, e.g., Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of New York*, 375 F.3d 168, 188 (2d Cir. 2004) ("Rule 9(b) may or may not apply to a state law claim for negligent misrepresentation."). The Fifth Circuit has not dismissed negligent misrepresentation claims for failure to meet the 9(b) standard except in cases in which the plaintiff did not distinguish between the fraud and negligent misrepresentation claims on appeal. *See Benchmark Elecs., Inc. v. J.M. Huber Corp.,* 343 F.3d 719, 724 (5th Cir. 2003) (finding that both fraud and negligent misrepresentation claims met standard); *Williams*, 112 F.3d at 177; *Shushany*, 992 F.2d at 520 n.5. A recent case explicitly rejects the application of the 9(b) standard to negligent misrepresentation claims. *See Am. Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 Fed. Appx. 662, 668-69 (5th Cir. 2004). Additionally, the Supreme Court has explicitly held that 9(b) applies only to the types of claims listed in the text. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168, 113 S. Ct. 1160, 1163, 122 L. Ed. 2d 517 (1993). Therefore, this Court declines to follow those cases which have held negligent misrepresentation claims to the Rule 9(b) standard. *See, e.g., Frith v. Guardian Life*

*Ins. Co.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998). Alternatively, the Court finds that Plaintiff's Complaint meets the requirements of Rule 9(b), as discussed below.

Although what constitutes particularity differs with the facts of each case, the Fifth Circuit has stated that, at a minimum, it includes "the time, place and contents of the alleged misrepresentation, as well as the identity of the person making them." *Keith v. Stoelting, Inc.*, 915 F.2d 996, 1000 (5th Cir. 1990). It also includes a statement of what the speaker gained through the misrepresentations. *See Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992). However, the "defendant's knowledge of the truth and intent to deceive . . . may be pleaded generally." *Id*.

The Fifth Circuit has also held that the complaint must state why the statements were fraudulent. *See Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997). This holding has little application to the present case, though, because the court in *Williams* had trouble distinguishing between fraud and "non-actionable expression of opinion." *Id*. There is no such trouble in this case. If Plaintiff's claims are true, the statements were fraudulent because the speakers made them without any intention of performing the contract. Plaintiff has not described a plethora of statements with no distinction between those he alleges to be fraudulent and those he does not. *See Williams*, 112 F.3d at 179-180.

**III. Analysis**

*A. Time*

Plaintiff refers to conversations with Mark Pelson sometime between May and August 2003. Plaintiff also alleges that misrepresentations were made during a phone call on August 4,

2003 and at a meeting on October 22, 2003. These allegations give Defendants notice as to what time period they must consider.

*B. Place*

Again, Plaintiff has provided sufficient information to put Defendants on notice as to the places where the misrepresentations took place. Plaintiff states that Plaintiff was in Houston during the phone conversation with Robert Currey. Plaintiff and representatives of Defendants then met in Dallas in October. Plaintiff also refers in his Response to conversations between Plaintiff and Pelson during which Pelson was at his office in Providence, Rhode Island.

*C. Content*

While Plaintiff has not provided the exact words spoken by Defendants, Plaintiff has identified the content of the alleged misrepresentations with sufficient specificity. Plaintiff has described the terms of the contract as he alleges it was offered by Currey and others. Plaintiff has also stated that the representatives of Defendants lured him into abandoning his own plans to purchase TXU with promises of investment opportunities. At this point, it should be patently clear to all Parties what misrepresentations are at issue.

*D. Identity of Speakers*

Plaintiff has named the speakers: Mark Pelson, Richard Lumpkin, Robert Currey, and Kevin Maroni. This gives Defendants adequate notice. For example, Defendants know exactly whom they should depose to obtain more information. This is not a situation in which a plaintiff has alleged something like, "Defendants' agents made false statements."

Defendants claim that Plaintiff has not imputed the allegedly fraudulent statements to particular Defendants, and therefore Plaintiff's Complaint does not meet the requirements of

4

Rule 9(b). While some courts have held that the plaintiff must specify to which defendant each allegation applies, this requirement is more properly interpreted as to require the plaintiff to attribute each statement to a particular *speaker*. *See Blackmon v. Am. Home Prods. Corp.*, 328 F. Supp. 2d 659, 667-68 (S.D. Tex. 2004) (finding that plaintiffs did not meet the 9(b) requirements when they merely alleged that defendants—collectively—had made unspecified fraudulent statements). This interpretation accords with the clear requirement of Fifth Circuit precedent that the plaintiff identify the content of the statement and the speaker[1]. *See, e.g., Keith*, 975 F.2d at 1139. Defendants attempt to rely on *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 364-365 (5th Cir. 2004), but this case requires particularity as to each defendant in the very specific context of securities fraud. Statutes and case law inapplicable to general fraud actions underlie the rationale for the *Southland* opinion. *Id*.

Also, Defendants are well aware of the connections between the speakers named by Plaintiff and the various Defendants, both because the speakers are officers and directors of the Defendant entities and because of the extensive discovery conducted in the original state-court action on this matter.

E. *What the Defendants Gained*

Plaintiff has also alleged this element with the necessary specificity. Plaintiff has alleged that because of Defendants' statements, they, and not he, were able to purchase TXU. He alleges that had Defendants not contracted for his services, he would have almost certainly purchased

---

[1]This Court prefers to stay within the clear bounds of the Fifth Circuit precedent it is bound to follow rather than to rely on cases from other circuits, such as the Seventh Circuit case cited by Defendants, *Viacom, Inc. v. Harbridge Merchant Services., Inc.*, 20 F.3d 771 (7th Cir. 1994).

TXU with his own group of investors. Plaintiff also alleges that Defendants gained by failing to pay him the full amount he was owed.

*F. Intent*

Defendants also claim that Plaintiff has not sufficiently pled facts demonstrating fraudulent intent. As noted above, Rule 9(b) explicitly differentiates between the higher pleading standard for fraud and the lower pleading standard for intent. The Fifth Circuit has required plaintiffs to make some allegations regarding intent. *See Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1068 (5th Cir. 1994). The *Tuchman* court recognized, though, that facts supporting intent might be "particularly within the opposing party's knowledge." *Id*. That court also differentiated between cases in which a motive was clear and those in which it was not. *See id*. at 1068-69. In *Tuchman*, the court found that the desire to make a regular business profit was not a sufficiently obvious motive for securities fraud such that the plaintiff did not need to allege other facts showing intent. *Id*. Here, though, Plaintiff has alleged facts supporting a motive: Defendants wanted to keep Plaintiff from forming his own investment group to purchase TXU. Plaintiff has also alleged that Defendants profited at his expense. *See Melder v. Morris*, 27 F.3d 1097, 1102 (5th Cir. 1994) (holding defendants' intent not readily apparent because they did not profit from the alleged fraud).

Defendants attempt to rely on *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375 (5th Cir. 2003), for the proposition that a heightened pleading requirement applies to the intent element of fraud. However, the Fifth Circuit in that case held that while the plaintiff did not meet the basic requirements of Rule 9(b), he did "arguably compl[y] with the loosened 9(b) requirements as to state of mind." *Id*. at 385. The Fifth Circuit

6

found that "substantial nonperformance . . . coupled with other probative factors" could support an inference that the defendant did not intend to perform the contract at the time it was made. *Id*. at 386. Plaintiff has alleged substantial nonperformance as well as other factors—such as Defendants' desire to prevent Plaintiff's purchase of TXU—that can support an inference that Defendants did not intend to perform the contract at the time it was made. Plaintiff need not prove the elements of his claim in his Complaint. He has alleged sufficient facts regarding intent to meet the requirements of 9(b).

## IV. Conclusion

The Court finds it difficult to believe that Defendants do not at this point have a clear picture of the allegations against them, or that Plaintiff is attempting to make a general claim with the purpose of fishing for illegal or tortious activity. *See Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1067 (5th Cir. 1994). Viewing the facts in the light most favorable to the Plaintiff, the Court finds that Plaintiff has met the requirements of Fed. R. Civ. P. 9(b) as to his fraud claim and also as to his negligent misrepresentation claim, although the Court does not believe that Rule 9(b) applies to negligent misrepresentation claims. Therefore, Defendants' Motion to Dismiss Plaintiff's Fraud and Negligent Misrepresentation Claims for Failure to Plead Fraud with Particularity is hereby **DENIED**. Each Party is to bear its own taxable costs, expenses, and attorney's fees incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 17th day of June, 2005, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge